**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY FLENOID, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-264 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on a motion filed by movant Larry Flenoid titled, "Motion Pursuant 'Ends of Justice' And 'Miscarriage of Justice' Doctrines Seeking to Have the District Court Adjudicate the Below Listed Question[s] Pertaining to Federal Law." After review of the motion the Court will construe it as a motion to vacate brought pursuant to 28 U.S.C. § 2255. The motion is successive, and movant has not sought authorization from the United States Court of Appeals for the Eighth Circuit prior to bringing the matter before this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Movant's motion will therefore be denied and dismissed.

## Background

On January 22, 2004, following a jury trial, movant was convicted of one count of escape and one count of being a felon in possession of a firearm. *United States v. Flenoid*, No. 4:03CR501 CDP (E.D.Mo). On April 9, 2004, movant was sentenced to sixty months on the escape count, and life on the felon in possession of a firearm count, the sentences to run concurrently. Movant filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit affirmed the judgment of this Court on July 29, 2005. *United States v. Flenoid*, No. 04-1899 (8th Cir. 2005). Movant's

petition for writ of certiorari to the United States Supreme Court was denied on January 23, 2006. *Flenoid v. United States*, 126 S.Ct. 1179 (2006).

Movant filed his first 28 U.S.C. § 2255 motion to vacate brought pursuant to 28 U.S.C. § 2255 on January 3, 2007. *Flenoid v. United States*, No. 4:07-CV-8 RWS (E.D.Mo.). In the motion, movant alleged ineffective assistance of counsel, as well as various violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments. The Court denied movant's motion on June 18, 2009. After the Court denied movant's subsequent motion for reconsideration, movant filed an appeal.

On February 26, 2010, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal. *Flenoid v. United States*, No. 09-3583 (8th Cir. 2010). Movant filed a motion for reconsideration in the Eighth Circuit, which was also denied. Movant filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 4, 2010. *Flenoid v. United States*, 131 S.Ct. 240 (2010). Thereafter, movant filed a motion to reopen the case in this Court. The motion was denied on December 6, 2010. *Flenoid v. United States*, No. 4:07-CV-8-RWS (E.D.Mo.). Movant again filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment on February 17, 2011. *Flenoid v. United States*, No. 11-1035 (8th Cir. 2011). The United States Supreme Court denied movant's petition for writ of certiorari on October 3, 2011. *Flenoid v. United States*, 132 S.Ct. 286 (2011).

Movant filed his second § 2255 motion on September 21, 2015. *Flenoid v. United States*, No. 4:15-CV-1444 RWS (E.D.Mo.). On September 22, 2015, the Court denied the motion without prejudice because it was successive, and because movant did not first obtain permission from the United States Court of Appeals for the Eighth Circuit before filing in the United States District Court. Rather than dismiss the action, however, the Court transferred the motion to the Eighth

Circuit pursuant to 28 U.S.C. § 1631. On November 10, 2015, the United States Court of Appeals for the Eighth Circuit granted movant's motion to dismiss, and dismissed the appeal. *Flenoid v. United States*, No. 15-3339 (8th Cir. 2015).

On November 9, 2015, movant filed his third § 2255 motion to vacate. *Flenoid v. United States*, No. 4:15-CV-1689 RWS (E.D.Mo.). The Court denied the motion as successive, and dismissed the action on November 13, 2015. Movant filed two separate motions seeking to alter or amend the Court's judgment. Both were denied.

On December 14, 2015, movant filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit denied movant's petition for authorization to file a successive habeas application in the district court on October 28, 2016. *Flenoid v. United States*, No. 16-2590 (8th Cir. 2016).

Movant filed a motion to reopen his original § 2255 case on December 6, 2017. *Flenoid v. United States*, No. 4:07-CV-8 RWS (E.D.Mo.). The motion was denied, as was movant's subsequent motion for reconsideration. Movant filed a notice of appeal on February 16, 2018. The United States Court of Appeals for the Eighth Circuit summarily affirmed the judgment of this Court on May 22, 2018. *Flenoid v. United States*, No. 18-1373 (8th Cir. 2018). The United States Supreme Court denied his petition for writ of certiorari on December 10, 2018. *Flenoid v. United States*, 139 S.Ct. 652 (2018).

Following the denial of certiorari, movant filed a motion for leave to resubmit traverse, which was denied on February 27, 2019. He then filed a motion requesting relief from the judgment. The Court denied this motion on March 6, 2019.

On April 6, 2020, movant filed his fourth motion to vacate brought pursuant to 28 U.S.C. § 2255. *Flenoid v. United States*, No. 4:20-CV-488 CDP (E.D.Mo.). Movant titled his application

for writ, "Motion Pursuant to United States Constitution Article III § 2 cl.1; 28 U.S.C. § 1331 or in the Alternative 28 U.S.C. § 1651(a), 'The All Writs Act.'" Because movant was attacking his 2004 judgment and conviction, the Court construed his motion as one brought pursuant to 28 U.S.C. § 2255, and on April 14, 2020, the Court denied and dismissed the motion as successive under 28 U.S.C. § 2244(b) and 28 U.S.C. § 2255(h). Movant sought reconsideration of the Court's judgment, and his request was denied.

On May 11, 2020, movant filed a notice of appeal. The United States Court of Appeals for the Eighth Circuit affirmed the holding of the District Court on August 19, 2020. *Flenoid v. United States*, No. 20-2028 (8th Cir. 2020). Movant sought rehearing in the Eighth Circuit, but his request for rehearing was denied on October 1, 2020.

Movant filed the instant motion on February 27, 2020.

## The Motion

Movant's motion, titled, "Motion Pursuant 'Ends of Justice' And 'Miscarriage of Justice' Doctrines Seeking to Have the District Court Adjudicate the Below Listed Question[s] Pertaining to Federal Law," provides two separate bases for this Court's jurisdiction: (1) the United States Constitution;[1] and (2) 28 U.S.C. § 1331.[2]

---

[1]Article III, section 2, clause 1 of the United States Constitution provides: "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects."

[2]28 U.S.C. § 1331 provides: "The District Courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States."

Movant raises seven grounds for relief in his motion. Three of movant's grounds for relief relate to his assertions that he did not receive a fair review of his initial § 2255 motion to vacate in 2009. *See Flenoid v. United States*, No. 4:07-CV-8-RWS (E.D.Mo.). He takes issue with the fact that his 228-page traverse, and its supplemental filings, were not considered by the Court when ruling on his initial § 2255 due to his failure to seek leave to exceed the fifteen-page limit under Local Rule 7-4.01(D). He also argues that the Court did not carefully consider his 105 separate grounds for relief, which the Court indicated created a "record that [was] unmanageably prolix." Movant asserts that the failure to analyze his ineffective assistance of counsel claims separately, was an abuse of the Court's discretion. Additionally, he claims that the District Court's failure to properly analyze his initial § 2255 denied him due process and created "a defect in the integrity of the § 2255 proceedings."

Movant's additional four grounds for relief appear to address his criminal proceedings in *United States v. Flenoid*, No. 4:03CR501 CDP (E.D.Mo.). He asserts that the prosecutor violated his rights under the Sixth Amendment during his opening statement by introducing "impermissibly suggestive evidence to the jury." Additionally, movant claims that the trial court violated his due process rights under the Fifth Amendment by "denying petitioner an unfettered opportunity to address the court on matters of law." He further argues that the Court used the wrong standard to impose the life sentence for his felon in possession count, as the maximum sentence should have been ten years. Last, movant asserts that the trial court's failure to provide an "on the record" calculation of his sentence, exposed him to a sentencing enhancement under 18 U.S.C. § 924(e).

Movant "await[s] instructions from this Honorable Court to succinctly apprise the court of the cause and prejudice that comprise the substance of the Federal Question[s] presented."

## Discussion

Movant is a pro se litigant currently incarcerated at the Federal Correctional Institution in Terra Haute, Indiana. For the reasons stated below, the Court construes his "Motion Pursuant 'Ends of Justice' And 'Miscarriage of Justice' Doctrines Seeking to Have the District Court Adjudicate the Below Listed Question[s] Pertaining to Federal Law," as a motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion will be denied and dismissed as successive.

### A. Successiveness

A District Court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Rather, under the Antiterrorism and Effective Death Penalty Act of 1996, a federal inmate seeking relief under 28 U.S.C. § 2255 must first receive certification from the Court of Appeals to file a second or successive motion. *United States v. Brown*, 915 F.3d 1200, 1201 (8th Cir. 2019). *See also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the District Court, the applicant shall move in the appropriate Court of Appeals for an order authorizing the District Court to consider the application").

An inmate cannot evade this rule "by simply filing a successive § 2255 motion in the District Court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit

6

Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition"). Instead, it is up to the Court of Appeals to determine whether movant has made a prima facie case that he has satisfied the requirements of § 2255(h).[3] *See Woods v. United States*, 805 F.3d 1152, 1153 (8th Cir. 2015).

Here, as discussed above, movant has filed prior § 2255 motions. To be precise, this is his fifth such motion. Movant's first 28 U.S.C. § 2255 motion was denied on the merits on June 18, 2009. The second § 2255 motion was transferred by the Court to the United States Court of Appeals on September 22, 2015. The third § 2255 motion was denied by the Court as successive on November 13, 2015. The fourth motion was denied by the Court as successive on April 14, 2020. The instant motion is movant's fifth § 2255 motion. Before he can bring a successive § 2255 motion in this Court, he must receive authorization from the United States Court of Appeals for the Eighth Circuit. Movant has not sought or received such authorization. Therefore, the motion must be dismissed.

**B.  Movant's Characterization of Motion as Arising Under U.S. Constitution or 28 U.S.C. § 1331**

In his motion, movant stresses that this Court's jurisdiction arises from one of two bases: the United States Constitution, art. III, § 2, cl. 1 or 28 U.S.C. § 1331. Presumably, movant has characterized his motion in this manner to avoid the bar on second or successive motions without prior authorization from the Court of Appeals. Indeed, movant expressly contends that the present motion is not a § 2255 motion, and he argues that it should not be barred by the rule requiring precertification by the Court of Appeals. His argument is not persuasive.

---

[3]Pursuant to 28 U.S.C. § 2255(h), a panel of the appropriate Court of Appeals must certify a second or successive motion to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

In this case, four of movant's grounds for relief relate to his objections to his criminal proceeding in *United States v. Flenoid*, No. 4:03CR501 CDP (E.D.Mo). Not only does he make constitutional claims relating to the jury and court proceedings, but he also makes claims relative to the enhancement of his sentence. This type of collateral attack is typically made pursuant to 28 U.S.C. § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (stating that the purpose of § 2255 is "to afford federal prisoners a remedy identical in scope to federal habeas corpus" regarding jurisdictional and constitutional errors); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (stating that it is well settled that "a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"); and *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that "[a] challenge to a federal conviction…is most appropriately brought as a motion under 28 U.S.C. § 2255"). In other words, the substance of movant's challenge is of the type ordinarily brought pursuant to § 2255.

Moreover, movant's characterization of his motion is not controlling. "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). That is, movant cannot avoid the prohibition against bringing repeat § 2255 motions in the District Court merely by re-characterizing the action. *See United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (stating that inmate could "not bypass the limitation on successive habeas petitions" by claiming that his action was actually under Fed. R. Civ. P. 12(b)(2)); *Boyd*, 304 F.3d at 814 (remanding movant's Fed. R. Civ. P. 60(b) motion to the district court for dismissal, "because it is, on its face, a second or successive 28 U.S.C. § 2255 petition"); and *United States v. Noske*, 235 F.3d 405, 406 (8th Cir.

2000) (explaining that § 2255 was the appropriate means for movant to challenge her sentence, and that a writ of coram nobis could not be used to circumvent "the second or successive provisions of § 2255").

Despite the motion's title, and despite movant's assertions, the instant action is the "functional equivalent of a successive habeas action, regardless of its technical label." *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (agreeing with District Court that inmate's 42 U.S.C. § 1983 action was functionally a successive habeas action requiring permission from the Court of Appeals to be filed). Movant has not sought or received authorization from the United States Court of Appeals for the Eighth Circuit to file a successive §2255 motion. Therefore, movant's motion must be denied as successive, and this action dismissed.

### C.  Summary Dismissal

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that movant is attempting to seek relief pursuant to 28 U.S.C. § 2255, despite his alternative characterization of the instant action as arising under Article III of the United States Constitution or 28 U.S.C. § 1331. The motion is successive, and movant has not sought or received authorization from the Eighth Circuit Court of Appeals for an order allowing this Court to consider the application. The Court thus lacks jurisdiction to consider movant's request for relief. As such, the motion will be denied, and this action dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's "Motion Pursuant 'Ends of Justice' And 'Miscarriage of Justice' Doctrines Seeking to Have the District Court Adjudicate the Below Listed

Question[s] Pertaining to Federal Law," construed as a motion to vacate brought pursuant to 28

U.S.C. § 2255 [ECF No. 1] is **DENIED AND DISMISSED AS SUCCESSIVE**. *See* 28 U.S.C. §

2244(b)(3). A separate Order of Dismissal will be entered herewith.

      **IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 6th day of March, 2023.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE